IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Donald Dwayne Heffner, ) | |
| ) | Civil Action No. 2:16-820-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Donald Dwayne Heffner ("Heffner"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the Magistrate Judge's Report and Recommendation ("Report"), recommending the court to affirm the Commissioner's decision. (ECF No. 10).[2] In the Report, the Magistrate Judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Heffner has filed objections to the Report (ECF No. 11), and the Commissioner has responded to those objections (ECF No. 13). Accordingly, this matter is now ripe for review.

---

[1]Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2]A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# I. BACKGROUND

On February 16, 2012, Heffner applied for DIB and SSI, alleging disability beginning on March 21, 2011. Heffner's application was denied initially and on reconsideration. On June 12, 2014, an Administrative Law Judge ("ALJ") heard testimony from Heffner and a vocational expert ("VE"). On September 25, 2014, the ALJ issued a decision denying Heffner's claim.

In his decision, the ALJ found that Heffner suffered from the following severe impairments: degenerative disc disease of the lumbar spine with radiculitis, status post multiple surgeries, hypertension, gastroesophageal reflux disease ("GERD"), bipolar disorder, and generalized anxiety disorder. (ECF No. 6-2 at 18). The ALJ found that Heffner was disabled from March 21, 2011, through December 31, 2012. (ECF No. 6-2 at 27). However, beginning January 1, 2013, the ALJ found that, although Heffner still suffered from the same severe impairments, medical improvement occurred due to an August 2012 back surgery. *Id.* The ALJ then concluded that beginning January 1, 2013, Heffner, despite limitations, could perform jobs that exist in significant numbers in the national economy. (ECF No. 6-2 at 30-31). Heffner sought review of his case by the Appeals Council. The Appeals Council denied Heffner's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

# II. STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.

*Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. DISCUSSION

In his objections, Heffner contends that the Magistrate Judge erred 1) by concluding that substantial evidence supported the ALJ's decision to expand Heffner's residual functional capacity ("RFC") beginning on January 1, 2013; and 2) by finding that the ALJ did not err in discounting the opinions of a treating physician, Dr. Philip Toussaint, and Nurse Practitioner Terry Sims.

**A) RFC**

The primary issue in this case is whether the ALJ's determination that Heffner medically improved beginning January 1, 2013, such that his RFC was expanded, is supported by substantial evidence. A medical improvement is defined as "any decrease in the medical severity of your impairment which was present at the time of your most recent favorable medical decision that you were disabled or continued to be disabled." 20 CFR § 404.1594(b)(1). Such a determination "must be based on changes (improvement) in the symptoms, signs, and/or laboratory findings associated with your impairment(s), and must be related to the ability of the claimant to perform work activities." 20 CFR § 404.1594(b)(1), 404.1594(b) (3).

The ALJ found that Heffner was disabled for the closed period of March 21, 2011, to December 31, 2012, but found that post-surgery, as of January 1, 2013, Heffner was able to perform sedentary work with certain restrictions. Specifically, the ALJ determined that beginning January 1, 2013, Plaintiff had the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is limited to simple, routine, repetitive tasks. He must use a cane to ambulate, but it is not needed at the workstation. He can sit for 45 minutes, and stand for two minutes in place, alternating throughout the workday.

(ECF No. 6-2 at 27-28 ). The ALJ cited to the medical records and, among other things, addressed the opinions of medical providers and other sources. (ECF No. 6-2 at 28-30).

Heffner contends that the ALJ violated the Social Security Ruling ("SSR") 96-8p by not properly explaining in detail his decision regarding his finding of medical improvement. Social Security Ruling 96-8p provides that:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p. The ruling goes on to emphasize that "the RFC assessment must always consider and address medical source opinions." SSR 96-8p.

Plaintiff's objections primarily rehash arguments that were previously raised to and rejected by the Magistrate Judge. (Compare ECF No. 11 at 5-7 with ECF No. 7 at 12-13). "The Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *See Felton v. Colvin*, No. 2:12-cv-558,

2014 WL 315773, at *7 (E.D.Va. Jan. 28, 2014) (internal quotation marks and citation omitted). Here, in any event, as addressed in depth by the Magistrate Judge in her Report (Report at 11-16), the court finds that the ALJ's determination on this issue is supported by substantial evidence.

**B) Treating Physician and Medical Source Opinions**[3]

An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992), or has failed to give a sufficient reason for the weight afforded a particular opinion, *see* 20 C.F.R. § 404.1527(d) (1998). Of course, a medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(e)(1) (1998). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See* 20 C.F.R. § 404.1527(d)(3) (1998). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See* 20 C.F.R. § 404.1527(d)(4) (1998).

The regulations distinguish acceptable medical sources from "other sources," which include social workers. *See* 20 C.F.R. § 404.1513(d). Evidence from sources other than acceptable medical sources may be used to show the severity of a claimant's impairments and how it affects the claimant's ability to work. *Id.* "The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case." SSR 06-03p. "Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case." *Id.* When evaluating such a source, "the adjudicator generally should explain the weight given to [such] opinion[s] . . . or

---

[3]The court finds that Heffner also primarily rehashes his arguments as to this issue. (Compare ECF No. 7 at 5-10 and ECF No. 7-12).

5

otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.*

Moreover, the function of this court is not to review Heffner's claims de novo or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (*citing* 42 U.S.C. § 405(g); and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this court is to determine whether, upon review of the whole record, the ALJ's decision is supported by substantial evidence and a proper application of the law. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also* 42 U.S.C. § 405(g).

Here, the court finds that the ALJ properly considered the opinions, and substantial evidence supports the weight afforded to those opinions. *See Johnson v. Barnhart*, 434 F.3d 650, 656 n.8 (4th Cir. 2005) (stating that ALJ can give lesser weight to a treating physician's opinion when it conflicts with other medical evidence or when it represents a change in opinion without a change in diagnosis); *see also* 20 C.F.R. § 404.1527(d)(1) (indicating that opinions about whether a claimant is "disabled" or "unable to work" are specifically reserved to the Commissioner). Moreover, Heffner has failed to show that the medical records support the opinions of his treating physician, Dr. Toussaint. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (stating that the claimant has the burden of proving he suffers from a "medically determinable impairment").

As for Sims' opinion, the court notes that a nurse practitioner is considered to be an "other source" whose opinions are entitled to "significantly less weight." *Craig*, 76 F.3d at 590.[4] And

---

[4]"Other sources" are defined as individuals other than acceptable medical sources and include medical providers, such as nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists, as well as non-medical sources, such as educational personnel, social welfare agency personnel, rehabilitation counselors, spouses, parents, other relatives, friends, neighbors, clergy, and employers. 20 C.F.R. § 404.1513(d)

contrary to Heffner's assertions, as the Magistrate Judge fully discussed, the ALJ adequately considered the evidence and explained the weight that he assigned to Sims' opinion.

## IV. CONCLUSION

Having conducted the required de novo review of the issues to which Heffner has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the Magistrate Judge in her Report, and the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 10), and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 6, 2017
Anderson, SC